IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELICIA BIRKS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>YRC, INC.,<br><br>　　　　Defendant. | Case No. _____<br><br>Judge _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

PLAINTIFF, Felicia Birks ("Ms. Birks"), by and through her undersigned counsel, Michael I. Leonard and Ethan E. White of Leonard Law Offices, states as follows as her Complaint against DEFENDANT YRC, INC. ("YRC"):

## PARTIES

1.　　Plaintiff, Ms. Birks, is an Illinois resident who resides in Oak Park, Illinois. Ms. Birks was formerly employed by YRC in the capacity of Dock Supervisor.

2.　　Defendant, YRC, is incorporated under the laws of the State of Delaware.

3.　　At all times relevant to this action, YRC was doing and conducting business at 2000 Lincoln Highway in Chicago Heights, Illinois, and employed Ms. Birks at that location.

## JURISDICTION AND VENUE

4.　　Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331.

5.　　This Court can exercise personal jurisdiction over YRC and venue is proper in this District because the acts complained of herein took place in this District,

and at all relevant times YRC regularly and continuously transacted and was doing business within this District.

## FACTUAL AND LEGAL BACKGROUND

6. Ms. Birks began her employment with YRC on or about September 27, 2011.

7. Ms. Birks was employed in the position of Dock Supervisor.

8. During Ms. Birks's employment with YRC, she met all of YRC's legitimate employment and performance expectations.

9. In or about February 2013, about two and one-half months prior to terminating Ms. Birks employment, YRC became aware that Ms. Birks suffers from an ADA covered disability – namely Multiple Sclerosis.

10. At all relevant times, Ms. Birks was a qualified individual with a disability.

11. At all relevant times, Ms. Birks could perform the essential functions of her position of Dock Supervisor, with or without reasonable accommodation.

12. From the time period of February 2013 through early-May 2013, Ms. Birks requested approval for intermittent Family and Medical Leave Act ("FMLA") leave on the basis of her disability.

13. In or about early-May 2013, YRC terminated Ms. Birks's employment, under the bogus and pretextual guise of an alleged safety violation.

14. One other Dock Supervisor, on information and belief a non-disabled individual, was neither disciplined nor terminated for the same alleged safety violation.

15.     Further, on information and belief, YRC did not terminate several other non-disabled employees for similar safety violations.

16.     In reality, Ms. Birks's disability was a motivating factor in YRC's decision to terminate her employment.

17.     More specifically, the alleged safety violation was merely a pretext for the actual reason for Ms. Birks's termination – that she was a qualified individual with a disability who was also seeking FMLA leave, creating "burdens" for YRC.

18.     At the time of Ms. Birks's termination she was informed that her benefits, including the health insurance benefits she relied on to deal with the enormous cost of her disability, would be cut-off at midnight on that very same day.

19.     On May 9, 2013, Ms. Birks timely filed a Charge of Discrimination.

20.     On December 18, 2013, the U.S. Equal Employment Opportunity Commission ("EEOC") mailed to Ms. Birks a Notice of Right to Sue letter ("Notice"). Ms. Birks received that Notice two to three days later.

21.     Ms. Birks has timely filed the present lawsuit, and has satisfied all procedural prerequisites to bringing this action.

## LEGAL CLAIMS

### COUNT I
### (Violations of the ADA, 42 U.S.C. § 1211, *et. seq.*)

22.     Ms. Birks re-alleges and incorporates by references, as though fully set forth herein, Paragraphs 1-21 above as Paragraph 22 of Count I of her Complaint.

23.     YRC is a covered "employer" within the meaning of the Americans With Disabilities Act ("ADA").

24.     Ms. Birks is a covered "employee" within the meaning of the ADA.

3

25. At all relevant times, Ms. Birks was a qualified individual with a disability within the meaning of the ADA.

26. At all relevant times, Ms. Birks had a disability that was covered by the ADA – namely Multiple Sclerosis – that impacted one or more of her major life functions; she also had a record of such impairment with YRC; and she was regarded by YRC as having such an impairment.

27. At all relevant times, Ms. Birks could perform the essential functions of her position with YRC, with or without reasonable accommodation.

28. YRC took an adverse employment action against Ms. Birks in that it terminated her employment, because of her disability.

29. The basis for YRC's termination of Ms. Birks's employment was a pretext for unlawful discrimination.

30. Similarly situated employees who do not have a disability were not subjected to termination in like circumstances.

31. Ms. Birks's disability was a motivating factor in YRC's decision to terminate her employment.

32. As a direct and proximate result of YRC's unlawful actions against Ms. Birks in violation of the ADA, Ms. Birks has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Ms. Birks, by and through her undersigned counsel, respectfully requests the entry of an Order granting judgment in her favor and against Defendant on Count I of her Complaint, for all monetary and other relief to which she is entitled to

recover for her ADA claim, for her attorneys' fees and costs, and for such other further relief is appropriate under the circumstances.

## COUNT II
### (Violations of the FMLA, 29 U.S.C. § 2612, *et. seq.*)

33. Ms. Birks re-alleges and incorporates by references, as though fully set forth herein, Paragraphs 1 through 21 above as Paragraph 33 of Count II of her Complaint.

34. YRC was an "employer" covered by the FMLA.

35. Ms. Birks was an eligible "employee" covered by the FMLA.

36. Pursuant to the FMLA, Ms. Birks was entitled to leave for her own, above-referenced serious health condition.

37. Ms. Birks sought approval for intermittent FMLA leave from YRC.

38. YRC was on notice of Ms. Birks's need for leave under the FMLA.

39. YRC interfered with Ms. Birks's rights under the FMLA by terminating her employment.

40. Further, YRC retaliated against Ms. Birks because of her request and/or its knowledge of her need for leave under the FMLA by terminating her employment.

41. As a direct and proximate result of YRC's unlawful actions against Ms. Birks in violation of the FMLA as set forth above, Ms. Birks has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Ms. Birks, by and through her undersigned counsel, respectfully requests the entry of an Order granting judgment in her favor and against Defendant on Count II of her Complaint, for all monetary and other relief to which she is entitled to

5

recover for her FMLA claim, for her attorneys' fees and costs, and for such other and further relief as is appropriate under the circumstances.

Dated: December 30, 2013  RESPECTFULLY SUBMITTED,

By: /s/ Ethan E. White
 Ethan E. White
 Michael I. Leonard
 LEONARD LAW OFFICES
 203 North LaSalle, Suite 1620
 Chicago, Illinois 60601
 (312) 380-6634 (direct)
 ewhite@leonardlawoffices.com
 mleonard@leonardlawoffices.com